UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  ULRICH FELIX ANTON
ENGLER, PRIVATE COMMERCIAL
OFFICE, INC., and PCO CLIENT
MANAGEMENT, INC.

---

ROBERT E. TARDIF, JR.,
Chapter 7 Trustee,

    Appellant,

v.                                Case No: 2:13-cv-480-FtM-29
                                    Bankr. No:   9:08-bk-04360

SUNTRUST BANK,

    Appellee.

---

**OPINION AND ORDER**

This matter comes before the Court on an appeal from the Bankruptcy Court's Order on In Camera Review of Documents (Doc. #1-1; Bankr. Doc. #945)[1] issued on May 10, 2013. Appellant Trustee filed an Initial Brief (Doc. #7), appellee SunTrust Bank filed a Response Brief (Doc. #12), and appellant filed a Reply Brief (Doc. #14). The Court finds that oral arguments are not warranted. Because the Order under review is not a final order,

---

[1] The Court will hereinafter cite documents filed with the District Court as "Doc." And documents filed in the Bankruptcy case as "Bankr. Doc.". Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court or otherwise available through PACER and judicially noticed.

and the court declines to review it on an interlocutory basis, the appeal is dismissed.

**I.**

This bankruptcy case involves an involuntary Chapter 7 proceedings brought by creditors against Ulrich Engler in 2008 after an alleged pyramid scheme collapsed. Over 1,200 proofs of claim have been filed for losses totaling in excess of $318 million. (Doc. #7, p. 8.) The Chapter 7 Trustee sought discovery of documents from non-party SunTrust Bank (SunTrust or the Bank), with unsatisfactory results from the Trustee's perspective. As relevant to this appeal, the Bank's assertion of a Suspicious Activity Report (SAR) privilege caused Trustee to seek an order compelling discovery from the Bankruptcy Court. Being unhappy with the result, the Trustee now appeals the bankruptcy court's ultimate discovery order.

The Court picks up the dispute on July 22, 2011, when the Bankruptcy Court entered an Order Granting SunTrust Bank's Emergency Motion for Reconsideration and for Relief (Doc. #2-10; Bankr. Doc. #699). In relevant part, this Order directed SunTrust Bank to provide the Trustee a cost estimate to produce certain categories of documents, subject to any applicable privilege, and "provided these documents do not reveal the existence of a Suspicious Activity Report" (SAR). (Doc. #2-10, p. 3.) The

Bankruptcy Court's Order reserved jurisdiction to conduct an *in camera* review of any documents withheld.

On February 28, 2012, the Chapter 7 Trustee filed a Motion to Compel Production of Documents and Testimony and for Sanctions Against SunTrust Bank (Doc. #2-15; Bankr. Doc. #801) seeking to compel an *in camera* inspection and sanctions to recover attorney's fees and costs. On April 10, 2012, after a hearing, the Bankruptcy Court issued an Order (Doc. #2-18; Bankr. Doc. #826) directing SunTrust to produce the documents under seal for *in camera* review by the Bankruptcy Court, and otherwise taking the motion under advisement.

On May 10, 2013, the Bankruptcy Court issued the Order (Doc. #1-1; Bankr. Doc. #945) which is the subject of this appeal. The Bankruptcy Court stated that it had completed its *in* camera review and "concludes, based on that review, that the Bank is not required to produce any documents reviewed in chambers other than those that had previously been made available to the Trustee". The Bankruptcy Court declined to award attorney's fees to either side in connection with the discovery dispute.

Appellant filed a Notice of Appeal (Doc. #1-2; Bankr. Doc. #954) on May 24, 2013. The Trustee asserts that the bankruptcy court abused its discretion in the discovery order because it erroneously adopted and applied SunTrust's over expansive view and

application of the SAR privilege.  The bankruptcy case otherwise remains pending.

## II.

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. 28 U.S.C. § 158(a); In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).  The threshold issue in this case is the district court's jurisdiction to entertain the appeal.  In re Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008).  A federal district court has jurisdiction to entertain appeals from the Bankruptcy Court from (1) final judgments, orders, and decrees; (2) interlocutory orders increasing or reducing the time periods under 11 U.S.C. § 1121; and (3) all other interlocutory orders and decrees with leave of court.  28 U.S.C. § 158(a).

In the Notice of Appeal, appellant asserts that the Order is a final order that is appealable as a matter of right.  In the alternative, appellant requests leave to file a Motion for Leave to Appeal.  (Doc. #1-2.)  Pursuant to Fed. R. Bankr. P. 8003(c), the Court will construe the Notice of Appeal as containing a motion for leave to appeal.

The first inquiry is whether the appealed Order was final and appealable, or whether it was an interlocutory order.  If the Court determines that the Order was interlocutory in nature, the second inquiry is whether leave to file an interlocutory appeal

should be granted.  In re Charter Co., 778 F.2d 617, 620-621 (11th Cir. 1985).

**A. Final or Interlocutory Order**

"[A] final judgment or order is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  In re Celotex Corp., 700 F.3d 1262, 1265 (11th Cir. 2012) (internal quotation marks and citations omitted). "[T]o be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."  Id. (citations omitted).  See also In re Saber, 264 F.3d 1317, 1324 (11th Cir. 2001)(citing In re Culton, 111 F.3d 92, 93 (11th Cir. 1997)); In re Atlas, 210 F.3d 1305 (11th Cir. 2000).  By contrast, an interlocutory order is one that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits."  In re Kutner, 656 F.2d 1107, 1111 (5th Cir. Unit A Sept. 1981)[2] (quotation omitted).  Generally, orders granting or denying discovery are not final orders and not immediately appealable.  In re Int'l Horizons, Inc., 689 F.2d 996,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1000-1001 (11th Cir. 1982); <u>Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp.</u>, 680 F.2d 743, 745 (11th Cir. 1982).

It is clear that Order resolving the discovery dispute was not a final order within the meaning of the cases summarized above. The Order did not "completely resolve all of the issues pertaining to a discrete claim," and "did not finally determine a cause of action." <u>In re Celotex Corp.</u>, at 1265; <u>In re Kutner</u>, at 1010-11. Rather, it only decided an intervening discovery matter pertaining to the case, and the bankruptcy court will clearly be required to take further steps to adjudicate the cause on the merits. The Order at issue is not a final order of the bankruptcy court.

Additionally, this discovery order is not within the collateral order exception. The discovery order did not "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546 (1949).

Therefore, the Court finds that the Order appealed was not a final order and did not come within an exception. Therefore, the order is not appealable as of right, and the Court must consider whether leave to appeal should be granted.

**B. Leave to File Interlocutory Appeal**

A federal district court has jurisdiction to consider interlocutory appeals from the orders of a bankruptcy court if the district court grants leave. 28 U.S.C. § 158(a)(3). If a district court, on its own motion or on the request of a party, determines:

> **(i)** the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> **(ii)** the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> **(iii)** an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken,

the district court shall certify the appeal. 28 U.S.C. § 158(2)(A) and (B). See also 28 U.S.C. § 1292(b). The Court finds that none of these three basis have been established in this case.

**(1) Under 158(a)(3)(i)**

First, the Order does not involve a question of law as to which there is no controlling decision, or involve a matter of public importance. The law is clear that under the 1992 Amendment to the Bank Secrecy Act, known as the Annunzio-Wylie Anti-Money Laundering Act[3], a financial institution is prohibited from

---

[3] Pub. L. No. 102-550, § 1500, 106 Stat. 4044 (1992).

disclosing a Suspicious Activity Report (SAR), or the existence of a SAR, to any person involved in the transaction that is reported. 31 U.S.C. § 5318(g)(2)(A)(i); 12 C.F.R. § 21.11(k)(1)(i). "A SAR, and any information that would reveal the existence of a SAR, are confidential, and shall not be disclosed except as authorized in this paragraph (k)." 12 C.F.R. § 21.11(k). The "safe harbor" provision exempts any bank from liability that makes a disclosure:

> of any possible violation of law or regulation from liability under any law or regulation of the United States, or any constitution, law or regulation of any state or political subdivision, cover all reports of suspected or known criminal violations and suspicious activities to law enforcement and financial institution supervisory authorities, including supporting documentation, regardless of whether such reports are filed pursuant to this part or are filed on a voluntary basis

12 C.F.R. § 353.3(h). See also 12 C.F.R. § 21.11(l); 31 C.F.R. § 1020.320(f).

The law regarding the bankruptcy court's handling of discovery disputes is also clear and not challenged in this case. Discovery Orders are reviewed for abuse of discretion. In re Piper Aircraft Corp., 362 F.3d 736, 738 (11th Cir. 2004). A court "abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, makes findings of fact that are clearly erroneous", or applies the law in an unreasonable or incorrect manner. Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 77 (11th Cir.

2013)(citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004)).  The Trustee simply disagrees with the results of the *in camera* review of the materials, and seeks to have the documents submitted to the district court for an *in camera* and *de novo* review of the scope and application of the SAR privilege.  Additionally, the Trustee seeks an Order directing appellee to submit a verified statement describing the manner in which the documents were retrieved from the Bankruptcy Court following the entry of the Order, and the chain of custody, and a detailed description of the documents previously made available to the Trustee.  Appellant seeks an award of fees and costs, and an order establishing the Trustee's continued right to conduct a 2004 examination.  (Doc. #7, p. 47.)

**(2)   Under 158(a)(3)(ii)**

Second, the Order does not involve a question of law requiring resolution of conflicting decisions.  Indeed, the Trustee cites no binding decisions concerning either SAR or the bankruptcy court's review of discovery material.

**(3)   Under 158(a)(3)(iii)**

Finally, there has been no showing that an immediate appeal from the discovery order may materially advance the progress of the case in which the appeal is taken.

Accordingly, it is hereby

**ORDERED:**

1. Appellant's Motion for Leave to Appeal pursuant to Rule 8003(c), construed as contained in the Notice of Appeal (Doc. #1-2), is **DENIED**.

2. The appeal is **dismissed** for lack of jurisdiction as leave to appeal was denied.

3. The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record